ON RETURN TO REMAND
TYSON, Judge.
The Circuit Court of Clarke County, Alabama, has now filed its return to our order of remand in this court’s opinion reported as Johnson v. State, 568 So.2d 365 (Ala.Crim.App.1990).
The return to the order of remand reads as follows:
“ORDER
“This matter having come on for hearing on the Petitioner’s Petition for Habeas Corpus; said Petition originally was filed in the Circuit Court of Escambia County, Alabama, on 28 July 1989 and was transferred to the Circuit Court of Clarke County, Alabama, on 31 October 1990 at the direction of the Alabama Court of Criminal Appeals.
“The Court having reviewed the files in this matter finds as follows:
“1. That it appears the same issues raised in the present Petition were raised in the Petition for Error Coram Nobis filed in January 1988.
“2. That on 1 June 1988 the Court denied Petitioner’s Petition for Writ of Error Coram Nobis.
“3. That on 10 June 1988, Petitioner filed a Motion for Reconsideration of said Petition for Writ of Error Coram Nobis and set out in said Motion for Reconsideration the same issues that are raised in his present Petition for Writ of Habeas Corpus.
“4. That this Court denied said Motion for Reconsideration and Petitioner appealed said ruling. On 27 January 1989 the Court of Criminal Appeals affirmed the trial court’s ruling.
“5. That on 17 March the Petitioner’s Application for Rehearing was overruled. “Based on the foregoing, the Court is of the opinion that said Petition for habeas Corpus is without merit and should be denied.
“It is therefore ORDERED, ADJUDGED and DECREED that the Petition for Ha-beas Corpus be and the same is hereby denied.
“DONE this the 29th day of January, 1991.
“/s/ J. Richmond Pearson
“Circuit Judge”
As noted in the return to remand, the issues sought to be raised in the appellant’s petition for writ of habeas corpus are those which had been previously adjudicated in a petition for writ of error coram nobis heard and determined by the Circuit Court of Clarke County in June 1988.
Moreover, this being a repetitious petition and the allegations being without merit, this cause is due to be affirmed. This *574 petition is barred under the provisions of Rule 20.2(b), A.R.Crim.P.Temp.
AFFIRMED.
All the Judges concur.